**Ex parte Donald Ray CRAVIN.**

**No. 43203.**

Court of Criminal Appeals of Texas.

June 24, 1970.

---

1. See Ex parte Jester, Tex.Cr.App., 403 S.W.2d 133.

LeRoy Peavy, Houston, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

This is an appeal from an order entered in a habeas corpus proceeding in which bail was denied after a hearing.

Appellant is charged by indictment returned March 9, 1970, in the 174th District Court of Harris County, in the following causes:

No. 147122, offense, assault with intent to murder with malice upon Margo Thomas, alleged to have been committed on or about January 27, 1970.

No. 147123, offense, assault with intent to murder with malice upon Gene Dold.

No. 147125, offense, felony theft of an automobile from Gene Dold.

No. 147126, offense, robbery with firearms of Gene Dold.

No. 147127, offense, robbery with firearms of Vera Mitchmore.

No. 147124, rape by force and threats of Vera Mitchmore.

Except for Cause No. 147122, the appellant was jointly charged with Lewis Jerome Alex and Henry Junior Roberts with having committed the offense alleged on or about the 26th day of January, 1970.

■ As to Causes Nos. 147122, 147123 and 147125, the trial court erred in denying bail, the offense charged being a noncapital felony. Texas Constitution, Art. I, Sec. 11, Vernon's Ann.St.

The state offered evidence at the habeas corpus hearing which, as appellant's brief suggests, reflects "that appellant was intent on the crime of rape and brandishing a firearm in his course of conduct and appropriated certain items of personal property from the alleged victim and her escort while the alleged victim and escort were responding to appellant's demands out of fear."

■ As to Cause No. 147124 wherein appellant and his co-indictees are charged by indictment with rape by force and threats, appellant contends that since the alleged victim was not killed and she is not alleged to be in bad health that "a jury would be unlikely to impose a penalty more severe than the alleged crime," and that since the record does not indicate that the state has given notice of intent to seek the death penalty, and a jury could not impose a death penalty unless such notice is given, he is entitled to bail. We do not agree.

The evidence offered by the state is deemed sufficient to show the commission of the offense of rape charged in the indictment in Cause No. 147124 as well as the non-capital offenses charged in the indictment in Causes Nos. 147123, 147125, and the capital offenses charged in the indictment in Causes Nos. 147126 and 147127, each of which offense being committed the same day during the course of the same unlawful detention of the victims.

Art. 1.14 Vernon's Ann.C.C.P. provides in part:

"The defendant in a criminal prosecution for any offense may waive any rights secured him by law except the right of trial by jury in a capital felony case in which the State has made known in open court in writing at least 15 days prior to trial that it will seek the death penalty. No case in which the State seeks the death penalty shall be tried until 15 days after such notice is given. * * *"

Such notice of intent to seek the death penalty may be filed at any time so long as it is "at least 15 days prior to trial."

Should the state give notice that it will not seek the death penalty in Cause No. 147124 appellant will be entitled to bail.

As to Causes Nos. 147122, 147123 and 147125, in which the offense charged in the indictment is a non-capital felony, the judgment is reversed and bond is set at $1,000 in each.

In Causes Nos. 147126 and 147127, wherein the offense charged is robbery with firearms, the order of the trial court denying bail is reversed and bond is set in each of said cases at $5,000.

As to Cause No. 147124, the judgment denying bail is affirmed.